Matter of Ariana AA. (Luis AA.) (2025 NY Slip Op 04944)

Matter of Ariana AA. (Luis AA.)

2025 NY Slip Op 04944

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

CV-24-0154
[*1]In the Matter of Ariana AA., Alleged to be an Abandoned Child. Schenectady County Department of Social Services, Respondent; Luis AA., Appellant.

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Elena Jaffe Tastensen, Saratoga Springs, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Dylan J. Reilly of counsel), for respondent.
Kurt Mausert, Saratoga Springs, attorney for the child.

Powers, J.
Appeals from two orders of the Family Court of Schenectady County (Jill Polk, J.), entered December 6, 2023 and January 3, 2024, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent (hereinafter the father) is the father of a child (born in 2013) who had been in the care of the child's mother. However, in 2018, the child was removed from the mother's home and placed in the care of certain family members. The mother eventually surrendered her parental rights in 2020, and the child continued to be placed in the care of a maternal aunt, previously approved as a pre-adoptive resource. On August 24, 2020, petitioner filed the instant petition alleging that the father had failed to contact the child for the preceding six months and, therefore, sought to find that he had abandoned the child and to have his parental rights terminated. Following lengthy delays resulting from the father's incarceration, the matter advanced to a fact-finding hearing in 2023. Family Court issued a fact-finding order in December 2023 adjudicating the child to be abandoned and, the following month, issued a dispositional order terminating the father's parental rights. The father appeals both orders.[FN1]
We affirm. "A finding of abandonment is warranted when it is established by clear and convincing evidence that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the filing of the abandonment petition, although able to do so and not prevented or discouraged from doing so by petitioner " (Matter of Joseph D. [Joseph PP.], 193 AD3d 1290, 1291 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Ciara FF. [Robert FF.], 235 AD3d 1162, 1163 [3d Dept 2025]). "If the petitioning agency satisfies its burden of proving that the respondent failed to maintain sufficient contact for the statutory period, the burden shifts to the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency" (Matter of Taj'ier W. [Joseph W.], 209 AD3d 1203, 1204 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Bradyen ZZ. [Robert A.], 216 AD3d 1229, 1230 [3d Dept 2023], lv denied 40 NY3d 905 [2023]).
We first must disagree with the father's argument that petitioner failed to meet its prima facie burden. Petitioner presented testimony from the assigned caseworker, as well as the aunt, establishing that the father had no contact with the child during the requisite six-month period. The caseworker testified that from February 24, 2020 to August 24, 2020 the father never visited or requested to visit the child nor did he reach out by phone, email, letter or in person about the child, despite petitioner notifying the father by letter in June 2019 that the child [*2]had been removed from the mother's care. This letter was sent by certified mail and received by the father's romantic partner at their shared address. Upon receipt thereof, the father's romantic partner placed a call to the caseworker and the caseworker instructed her to have the father call, yet he did not do so. While the father is correct that the aunt only testified as to the father's failure to communicate with the child starting in March 2020, this was because the child did not come into her care until that time. Moreover, this testimony does not contradict or negate the caseworker's testimony regarding the father's failure to contact the child prior to that time. Based upon this testimony, we find petitioner to have met its burden by presenting clear and convincing evidence of the father's failure to contact the child (see Matter of Zakariya HH. [Ahmed II.], 192 AD3d 1361, 1363 [3d Dept 2021], lv denied 37 NY3d 905 [2021]; Matter of Micah L. [Rachel L.], 192 AD3d 1344, 1346 [3d Dept 2021]).
Accordingly, the burden shifted to the father to establish that he was unable to maintain contact with the child and/or petitioner or that petitioner prevented or discouraged him from doing so. To the extent the father takes issue with petitioner's failure to affirmatively facilitate communication between himself and the child, it is well settled that a petitioning "agency is under no obligation to exercise diligent efforts to encourage a parent to establish a relationship with his or her child" (Matter of Ciara FF. [Robert FF.], 235 AD3d at 1163 [internal quotation marks and citations omitted]). The father also asserts that the COVID-19 pandemic made communication with the child difficult due to his incarceration. However, an incarcerated parent "is still presumed able to communicate absent proof to the contrary" and the father makes no claim that the pandemic rendered it impossible to either call or write to the child (Matter of Annette B., 4 NY3d 509, 514 [2005]). The father's further claim that he was unaware that the child had been removed from the mother's care is plainly rebutted by the record. Based upon the foregoing and deferring to Family Court's credibility determinations, we find that the father failed to rebut petitioner's showing of abandonment (see Matter of Kamariana SS. [Anthony SS.], 227 AD3d 1166, 1168-1169 [3d Dept 2024], lv denied 42 NY3d 903 [2024]; Matter of David UU. [Jeanie UU.], 206 AD3d 1502, 1505 [3d Dept 2022]). As such, we discern no basis to disturb Family Court's adjudication.
Lynch, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the appeal from the order entered December 6, 2023 is dismissed, without costs.
ORDERED that the order entered January 3, 2024 is affirmed, without costs.

Footnotes

Footnote 1: Initially, to the extent the father's notice of appeal purports to appeal from the fact-finding order, that aspect of the appeal must be dismissed as no appeal lies from a nondispositional order in a termination of parental rights proceeding (see Family Ct Act § 1112 [a]; Matter of Kayson R. [Christina S.], 166 AD3d 1346, 1346 n 2 [3d Dept 2018]). However, we grant the father's apparent request to treat the notice of appeal as also being from the dispositional order, thereby bringing up for review any issue dealing with the fact-finding order (see CPLR 5520 [c]; Matter of Kayson R. [Christina S.], 166 AD3d at 1346 n 2).